CALZADA, DEMANDANTE Y APELADO, *v.* PAGÁN, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en causa sobre otorgamiento de escritura, entrega de fincas y otros extremos.

No. 1268.—Resuelto en julio 24, 1915.

MENSURA—CONVENIO DE LAS PARTES SOBRE SUS EFECTOS—FRAUDE.—En este caso las partes convinieron en que se hiciera la mensura de cierta finca, y que una vez practicada la misma y el deslinde y aclaradas las cuestiones debatidas en el juicio, la corte ordenara al demandado que entregara al demandante la mitad de la finca, dictándose resolución de conformidad con lo estipulado. Hecha la mensura y alegado por el demandado que ésta no fué sometida en forma a la consideración de la corte, *se resolvió* que bajo las

circunstancias del caso la mensura había sido presentada a la corte y que, no existiendo fraude u otro elemento semejante, el demandado quedaba obligado por ella.

ID. — APELACIÓN — DEBER DEL APELANTE — CONFIRMACIÓN DE LA SENTENCIA. — Cuando un documento de mensura forma parte de los autos de un caso y es indispensable a los efectos de la apelación, es el deber del apelante hacer que este tribunal se encuentre en la misma situación con respecto a los hechos que aquella en que se encontraba la corte inferior al dictar su sentencia, y, si dejare de hacerlo, debe confirmarse la sentencia.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Manuel F. Rossy.*

Abogado del apelado: *Sr. José G. Torres.*

EL JUEZ ASOCIADO SR. WOLF emitió la opinión del tribunal.

En este caso el demandado vendió al demandante la mitad de una finca que según se alegó estaba compuesta de unas noventa cuerdas, con sujeción a ciertas deducciones y a un convenio referente a su mensura y deslinde, hechos todos que expondremos más adelante con mayores detalles. En la demanda presentada en este caso se alegaba que el demandado dejó de cumplir con los términos del contrato el cual en su esencia tenía por objeto que se otorgara escritura de la finca tan pronto como la misma fuera mensurada.

De un análisis de las alegaciones no aparece que exista ninguna cuestión importante entre las partes. Sea como fuere el caso, en 2 de mayo de 1913 y durante el curso de este pleito las partes convinieron en que se hiciera una mensura de la finca por el ingeniero Antolín Nin y que una vez practicada la mensura y deslinde y aclaradas las cuestiones debatidas en este pleito, la corte debía ordenar al demandado que entregara al demandante la mitad de la finca respecto a la cual se hizo el convenio. La corte dictó una resolución de conformidad con los términos de la estipulación.

El ingeniero presentó su mensura y la corte sin ninguna otra diligencia, dictó sentencia el día 12 de septiembre de 1913. Este Tribunal Supremo revocó esa sentencia por no haberse oído a las partes y se devolvió el caso para ulteriores procedimientos que no fueran incompatibles con la opinión de este tribunal. *Calzada v. Pagán,* 20 D. P. R., 462.

El caso fué nuevamente señalado para juicio · en la corte inferior celebrándose la vista en 10 de septiembre en la cual después de haber sido examinados los testigos de ambas partes además del ingeniero que practicó la mensura, se dictó sentencia en favor del demandante.

No existe en ninguna parte de la exposición del caso copia o extracto de la mensura hecha por el ingeniero. Sostiene el apelante, según entendemos su alegación, que dicha mensura jamás fué ofrecida como prueba en la vista que tuvo lugar en septiembre 10, 1914, y que como la referida mensura era el documento esencial del caso, que la corte inferior no tenía derecho a dictar sentencia a favor del demandante. Dicho apelante también sostuvo durante la vista ante este tribunal que hubo un nuevo juicio completo en la corte inferior.

Si se examina la sentencia y opinión de este Tribunal en el caso de *Calzada* v. *Pagán, supra,* se verá que esta corte no ordenó la celebración de un nuevo juicio sino que creyó que serían necesarios otros procedimientos y quizás considerar otras pruebas. También fué de parecer de que la mensura del ingeniero ya había sido sometida a la consideración de la corte.

Consta asimismo de la exposición del caso que al declarar el ingeniero Antolín Nin hace referencia a la mensura como si se encontrara ya ante la corte. La sentencia de la corte expresa que el demandado debe aceptar la mensura hecha en el plano del ingeniero, lo cual demuestra que la corte estimó que el plano había sido sometido a su consideración. No tenemos duda de que las partes formularon sus informes en la corte inferior fundados en la teoría de que la mensura había sido admitida en los autos. La resolución de mayo 2, 1913, a la vez nos convence de que era la intención de las partes que la mensura fuera radicada en la corte. Estas consideraciones son suficientes para convencernos de que la mensura fué debidamente presentada a la corte inferior en la primera vista y que vino a ser un documento del caso.

Viniendo a ser dicha mensura un documento del caso era el deber del apelante hacer que este tribunal se encontrara en la misma situación con respecto a los hechos que aquella en que se encontraba la corte inferior al dictar su sentencia. El ha dejado de hacer esto y si es un documento indispensable la mensura, debe confirmarse la sentencia.

¿Hay algún otro motivo para revocar la sentencia, aun admitiendo que la mensura está ante este tribunal? Parte de su contenido por lo menos puede conocerse por las declaraciones de los testigos, siendo los hechos del caso sustancialmente los siguientes:

José Pagán Carrasquillo vendió a José Calzada la mitad de una finca que se alegó estaba compuesta de unas 90 cuerdas de terreno según la descripción que se hace en la escritura que Pagán obtuvo de Frank Antonsanti y su esposa. Se convino por las partes en que se entregaría a Calzada la mitad de la finca que está más cerca de la colindancia de Ramón Rola, hoy Francisco Calzada, descontando las cuerdas que están en posesión de un tal Alejo Matos y que Pagán haría escritura de la finca tan pronto como fuere mensurada. Como hemos visto, las partes convinieron en el juicio en hacer una mensura. Cuando vino a hacerse la mensura el ingeniero encontró que la finca según la descripción de sus linderos se componía solamente de 76.65 cuerdas, según lo cual después de descontada las cuerdas pertenecientes a Alejo Matos daria derecho al demandante a 33.78 cuerdas. El apelante alegó que el ingeniero debió haber incluído otra determinada porción. El ingeniero declaró que al hacer la mensura y llegar a cierto punto Pagán insistió en que la colindancia iba en determinada dirección, pero que la descripción que aparecía en una mensura hecha por Ramón Rola indicaba una dirección diferente. Pagán presentó prueba tendente a acreditar que la finca fué inscrita con una cabida de 90 cuerdas más o menos en el año de 1902, y siempre había sido traspasada

con esa cabida, pero según declaró la corte inferior no hubo prueba de haberse hecho alguna mensura anteriormente o de que las colindancias como se indican en la mensura de Rola no eran correctas.

Convenimos con la corte inferior que era deber de Pagán hacer la mensura. En vez de hacerla se sometió a la mensura que había de ser hecha por Nin y no existiendo algo que demuestre fraude u otro elemento semejante quedaba él obligado por ella.

Debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Hutchison firmó "conforme con la sentencia."